

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Bayne Satterfield
Firemen's Pension Commissioner
State Capitol Building
Austin, Texas

Dear Sir:

Opinion No. O-4435

Re: Power of the Boards of Trustees
of the various Firemen's Relief
and Retirement Funds created by
House Bill 258, Acts of the 45th
Legislature, Regular Session,
1937, being Article 6243e of
Vernon's Revised Civil Statutes,
1925, to declare a two-year mora-
torium on the payment of benefits.

We have your letter of May 12, 1942, wherein you request
an opinion of this department on the above captioned subject. Your
letter reads as follows:

"In the operation of the Firemen's Relief and
Retirement system under the provisions of H. B. 258,
Acts of the 45th Legislature, Regular Session, 1937,
this question has arisen:

"Do the Boards of Trustees of the various Fire-
men's Relief and Retirement Funds have authority to
declare a two-year moratorium on the payments of
benefits?

"Your opinion, at your earliest convenience, will
be greatly appreciated."

The question submitted by your letter is whether or not
the Boards of Trustees of the various Firemen's Relief and Retire-
ment Fund created by House Bill 258, Acts of the 45th Legislature,
Regular Session, 1937, have authority to declare a two-year mora-
torium on the payments of benefits.

House Bill 258, Acts of the 45th Legislature, Regular
Session, 1937, has been carried forward in Vernon's Annotated Civil

Statutes of 1925 as Article 6243e designated as the "Firemen's Relief Pension Fund." From a reading of this statute we have been unable to find any provision thereof which would authorize the Boards of Trustees therein set up to declare any moratorium on payments of benefits in accordance with the provisions of such statute. Section 25 of Article 6243e, Vernon's Revised Civil Statutes, 1925, reads as follows:

"If, for any reason the fund or funds hereby made available for any purpose covered by this Act shall be insufficient to pay in full any allowance or disability benefits then all granted allowances or disability benefits shall be proratably reduced for such time as such deficiency exists."

Under the above quoted provision of Article 6243e, the Boards of Trustees would be authorized where insufficient funds were on hand to pay all granted allowances or benefits in full, to reduce such allowances or benefits proratably among the recipients thereof and to continue such prorated payments until such time as sufficient funds are on hand to pay all granted allowances and benefits in full.

Section 2 of Article 6243e provides for a license tax of 2% of all gross premium receipts of all insurance companies of every kind and character transacting in this state the business of fire insurance, for the purpose of providing funds for the carrying out of the provisions of such statute. Section 10 of Article 6243e provides for contribution by participants in such Firemen's Relief Pension Fund of not less than 1% nor more than 3% of his salary, to be determined by a vote of the Fire Department of which such person is a member, and to be deducted from his salary or compensation if he is a wholly paid or part paid fireman whose salary or compensation is more than fifty dollars per month and if he is a part paid fireman whose salary is less than fifty dollars per month or a volunteer fireman he shall pay not less than $3.00 nor more than $5.00 per annum, the exact amount to be determined by a vote of the fire department of which such person is a member. The funds derived from the tax set up in Section 2 and from the contributions of participants provided for in Section 10 provide the revenue from which allowances and benefits under the provision of Article 6243e are to be paid.

In the case of American Alliance Insurance Company vs. Board of Insurance Commissioners, reported in 126 S. W. (2d) 741, the tax levied in Section 2 of the Article here under discussion was declared unconstitutional. Subsequent to such time, the Legislature by House Bill No. 1011, Chapter 636, page 1404, of the Acts of the Regular Session of the 47th Legislature, appropriated the sum of $300,000 annually beginning September 1, 1941, and ending August 31, 1943, for the purpose of providing a permanent fund and revenue for the administration of "Firemen's Relief and Retirement Fund" created by House Bill No. 258, Chapter 125, page 229, of the General Laws of the Regular Session of the 45th Legislature, being Article 6243e of Vernon's Revised Civil Statutes, 1925, here under discussion. This appropriation together with the contributions provided under Section 10 of Article 6243e above referred to are the only funds available from which allowances and benefits can be paid under the provisions of the Firemen's Relief Pension Fund.

In the event that the proportion of the funds above referred to allocated to the various boards of trustees set up under such Act are not sufficient to pay all granted allowances and disability benefits in full, then it is the opinion of this department and you are so advised that the various Boards of Trustees would not have the power or authority to declare a two-year moratorium on the payments of benefits but that the only authority that they would have would be that granted by Section 25 of Article 6243e above set forth to proratably reduce all granted allowances or disability benefits for such time as the deficiency of funds existed.

Trusting that this fully answers your inquiry.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Douglas E. Bergman
Assistant

APPROVED JUN 26, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

DEB:ej



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN

